**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MARVIN L. MALONE, #411853** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:15-CV-2171-L-BK** |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| **Respondent.[1]** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this action was automatically

referred to the United States Magistrate Judge.  Petitioner, a state prisoner, filed a *pro se* petition

for a writ of habeas corpus under 28 U.S.C. § 2254.  For the reasons that follow, it is

recommended that this successive habeas petition be summarily dismissed for want of

jurisdiction.

## I.  BACKGROUND

In 1985, Petitioner was convicted of sexual assault of a child and sentenced to 40 years'

imprisonment.  *State v. Malone*, No. F85-98931-IM (194th Jud. Dist. Court, Dallas County,

1985), *aff'd*, No. 05-85-01401-CR (Tex. App.– Dallas Nov. 5, 1986, no pet.).  Petitioner

unsuccessfully challenged his conviction in a number of state and federal habeas proceedings,

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases provides that "the petition must
name as respondent the state officer who has custody" of petitioner.  Because petitioner
challenges a conviction that has resulted in his incarceration in the Correctional
Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), its
director has custody of him.  TDCJ-CID Director William Stephens is therefore
substituted as respondent in this case.

including four federal habeas petitions dismissed by this Court as successive.  *See Malone v. Dretke*, No. 3:05-CV-1990-D, 2005 WL 3150239 (N.D. Tex. Nov. 14, 2005) (dismissing federal petition without prejudice to seeking leave to file a successive petition from the Fifth Circuit); *Malone v. Quarterman*, No. 3:07-CV-2032-P (N.D. Tex. Feb. 12, 2008) (same); *Malone v. Texas State Parole Board*, No. 3:09-CV-0518-M, 2009 WL 2169001, 1-2 (N.D. Tex. Jul. 20, 2009) (same); *Malone v. Thaler*, No. 3:11-CV-2304-M-BK, 2012 WL 760319 (N.D. Tex. 2012), *recommendation accepted* 2012 WL 760310 (N.D. Tex. 2012) (same), *certificate of appealability denied*, No. 12-10459 (5th Cir. 2012); *see also Malone v. Texas State Parole Officials*, No. 3:09-CV-1838-L, 2010 WL 446093 (N.D. Tex. 2010) (dismissing without prejudice complaint, which was tantamount to a habeas corpus petition challenging underlying criminal conviction, because petitioner failed to seek leave to file a successive section 2254 petition).  The United States Court of Appeals for the Fifth Circuit also denied Petitioner leave to file a successive habeas application.  *See In re Malone*, No. 08-10280 (5th Cir. Jul. 8, 2008).

In this action, Petitioner again seeks to challenge his conviction by raising new claims of ineffective assistance of counsel.  Doc. 1 at 6-7.

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief.  *See* 28 U.S.C. § 2244(b).  In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Because Petitioner must obtain such an order before he can file a successive application challenging his conviction, his petition should be dismissed without prejudice for want of jurisdiction.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be summarily **DISMISSED without prejudice** for lack of jurisdiction because Petitioner has not obtained authorization to file a successive habeas petition from the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(1) and (3).

SIGNED July 13, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

     A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE